LORBER, GREENFIELD & POLITO, LLP
Wakako Uritani, Esq. (SBN 223619)
Amanda L. McDermott, Esq. (SBN 253651)
142 Sansome Street, Third Floor
San Francisco, CA 94104
Tel: (415) 986-0688 / Fax: (415) 986-1172
wuritani@loberlaw.com amcdermott@lorberlaw.com

Attorneys for Defendant Marriott International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| SUSAN BANKER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., and DOES ONE through DOE FIFTY, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & 1441(b) (DIVERSITY);DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1332 and § 1441(b), Defendant MARRIOTT INTERNATIONAL, INC. ("MARRIOTT"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of San Francisco, to the United States District Court, Northern District of California. The removal is based, specifically, on the following grounds:

**JURISDICTION AND VENUE**

　　　　1.　　This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1446.

2. Venue is permissible in this Court pursuant to 28 U.S.C. §§ 84(a), 1391(b)(3) and 1446.

## PLEADINGS, PROCESS AND ORDER

3. On August 1, 2022, Plaintiff Susan Banker commenced the above-entitled civil action in the Superior Court for the County of San Francisco by filing a Complaint therein entitled *Susan Banker v. Marriott International, Inc., and DOE One Through DOE Fifty, inclusive*, Case No. CGC-22-601026. True and correct copies of the Summons and Complaint in this action are attached hereto, and incorporated herein by reference, as Exhibit 1 and Exhibit 2, respectively.

4. Attached hereto and incorporated herein by reference as Exhibit 3 is the Civil Case Cover Sheet on file in the Superior Court for the County of San Francisco.

5. Attached hereto and incorporated herein by reference as Exhibit 4 is the Notice to Plaintiff regarding Case Management Conference on file in the Superior Court for the County of San Francisco.

6. On August 5, 2022, MARRIOTT received a copy of the Summons and Complaint when its registered agent for service of process was personally served with said summons and complaint. A true and correct copy of the Proof of Service of Summons is attached hereto, and incorporated herein by reference, as Exhibit 5.

7. On September 1, 2022, MARRIOTT filed an answer to Plaintiff's Complaint in the San Francisco Superior Court. A true and correct copy of the Answer is attached hereto, and incorporated herein by reference, as Exhibit 6. MARRIOTT has not yet received a file endorsed copy of the answer from the Superior Court.

8. The attached exhibits constitute all process, pleadings and orders served upon and by Defendant MARRIOTT in this matter, or otherwise obtained by MARRIOTT from the San Francisco Superior Court case file.

## DIVERSITY

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy has not been specifically stated but will exceed the sum or value of $75,000, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) as the action is between citizens of different states.

10. Plaintiff SUSAN BANKER was and is a citizen of the State of California and resident of Contra Costs County. See Exhibit 2 (Complaint) at ¶ 4.

11. MARRIOTT is a Delaware Corporation with its principal place of business located in Bethesda, Maryland. Accordingly, MARRIOTT is a citizen of both Delaware and Maryland.

12. There are no other named defendants and the citizenship of fictitiously named "DOE" defendants shall be disregarded in determining the citizenship of defendants. See 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

13. Complete diversity of citizenship exists between Plaintiff and Defendant MARRIOTT.

## AMOUNT IN CONTROVERSY

14. The incident giving rise to the action is a slip and fall at a resort in Punta Mita, Mexico. Plaintiff asserts causes of action for premises liability and negligence. Plaintiff seeks to recover compensatory damages, including but not limited to non-economic damages, past and future medical expenses, and other economic damages, including past and future wage loss and enjoyment of life, attorneys' fees, expenses, and further relief.

15. Plaintiff prays for general and special damages in an unspecified amount for "severe injuries" and "permanent disability," including "impairment of mental and bodily function" and "great physical and mental suffering." See Exhibit 2 (Complaint) at ¶ 7; Cal. Code Civ. Proc. § 425.10 ("the amount demanded shall not be stated" for an action "brought to recover actual or punitive damages for personal injury or wrongful death").

16. Plaintiff claims she "was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment" and "will incur additional expenses in the future..." See Exhibit 2 (Complaint) at ¶ 8. Amongst those expenses are the cost of a Medical Air Ambulance from Mexico to the United States.

17. Plaintiff's Complaint asserts that she was "prevented from attending her usual activities and occupation" and "will be prevented from attending to her usual and anticipated activities and occupation in the future." See Exhibit 2 (Complaint) at ¶ 9.

18. Pursuant to 28 U.S.C. § 1332(a)(1), this is an action over which this Court would have original jurisdiction as an action between citizens of different states where the amount in controversy

NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1332 & 1441(b) (DIVERSITY); DEMAND FOR
JURY TRIAL

3

exceeds $75,000.[1] Therefore, it is an action which may be removed by MARRIOTT pursuant to 28 U.S.C. § 1441(a).

19. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. *McPhail v. Deere and Company*, 529 F.3d 947, 954-955 (10th Cir. 2008). "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); see also *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

**TIMELINESS OF REMOVAL**

20. This Notice of Removal is timely filed in that it has been filed within thirty (30) days of service of the Summons and Complaint on the removing defendant, which was the first indication that the matter was removable. 28 U.S.C. § 1446(b)(1). Plaintiff served MARRIOTT'S agent for service of process on August 5, 2022. As the 30th day thereafter is September 4, 2022, a Sunday, and the following day is Labor Day, a federal holiday, MARRIOTT has until September 6, 2022 to remove. See Fed. R. Civ. P. 6(a)(1)(C). Based thereon, the instant removal is timely filed.

21. For the foregoing reasons, this Court has original jurisdiction, removal is proper under 28 U.S.C. §§ 1332 and 1441(a) and (b), and removal is timely under 28 U.S.C. § 1446(b)(1).

Dated: September 2, 2022       LORBER, GREENFIELD & POLITO, LLP

By:   /s/Wakako Uritani
    Wakako Uritani
    Amanda L. McDermott
    Attorneys for Defendant Marriott
    International, Inc.

---

[1] Defendant does not concede that Plaintiff is in fact entitled to recover any damages. See *Kelderman v. Remington Arms*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages" to establish jurisdiction).

NOTICE OF REMOVAL OF ACTION UNDER 28       4
U.S.C. § 1332 & 1441(b) (DIVERSITY); DEMAND FOR
JURY TRIAL

# DECLARATION OF WAKAKO URITANI

I, Wakako Uritani, declare that:

1. I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California. I am a partner at Lorber, Greenfield & Polito, LLP, attorneys for Defendant Marriott International, Inc. ("Marriott"). If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matter stated on information and belied, as to which I believe them to be true.

2. On August 1, 2022, Plaintiff Susan Banker filed this action in the Superior Court of the State of California, County of San Francisco, as Case No. CGC-22-601026. A true and correct copy of the Summons and Complaint are attached as Exhibit 1 and Exhibit 2, respectively.

3. On August 5, 2022, Plaintiff personally served Marriott through its agent for service of process. A true and correct copy of the Proof of Service of Summons is attached hereto as Exhibit 5.

4. On September 1, 2022, Marriott file its answer to the Complaint. A true and correct copy of the answer is attached hereto as Exhibit 6. Marriott has not yet received a file endorsed copy of the answer from the Superior Court.

5. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Marriott pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Diversity of the parties exists as Plaintiff Susan Banker is a citizen of the State of California. See Exhibit 2 (Complaint) at ¶ 4.

7. Marriott is a Delaware corporation with its principal place of business located in Bethesda, Maryland.

22. In Plaintiff's complaint she asserts general and special damages in an unspecified amount. She seeks to recover compensatory damages, including but not limited to non-economic damages, past and future medical expenses, and other economic damages, including past and future wage loss and enjoyment of life, attorneys' fees, expenses, and further relief. See Exhibit 2 (Complaint) at ¶¶ 7-9.

8. Plaintiff claims she has suffered "severe injuries" and "permanent disability," including

"impairment of mental and bodily function" and "great physical and mental suffering." See Exhibit 2 (Complaint) at ¶ 7. Plaintiff claims she "was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment" and "will incur additional expenses in the future..." See Exhibit 2 (Complaint) at ¶ 8. On information and belief, Plaintiff's alleged expenses include the cost of a Medical Air Ambulance from Mexico to the United States.

9. Thus, the amount in controversy in this action exceeds the $75,000 jurisdictional limit established by 28 U.S.C. § 1332(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of September, 2022, at San Francisco, California.

/s/Wakako Uritani
Wakako Uritani

NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1332 & 1441(b) (DIVERSITY); DEMAND FOR
JURY TRIAL

6

## DEMAND FOR JURY TRIAL

Defendant MARRIOTT INTERNATIONAL, INC. (herein "Marriott") hereby demands trial of this matter by jury.

Dated: September 2, 2022                     LORBER, GREENFIELD & POLITO, LLP

By:   /s/Wakako Uritani
    Wakako Uritani
    Amanda L. McDermott
    Attorneys for Defendant Marriott International, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in San Francisco County where the mailing occurs; and my business address is 142 Sansome Street, Third Floor, San Francisco, CA 94101.

On September 2, 2022, I caused to be served the following document(s):

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & 1441(b) (DIVERSITY); DEMAND FOR JURY TRIAL

on the interested parties in this action by:

- ✓ **BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

- ✓ **BY ELECTRONIC FILING AND/OR SERVICE)** — I confirmed and served pursuant to Code of Civil Procedure Section 1010.6, a true copy, with all exhibits (if any), electronically on those designated below.

**(SEE ATTACHED SERVICE LIST)**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on September 2, 2022, at San Francisco, CA.

_____

Leon Thomas, Jr.

SUSAN BANKER V. MARRIOTT INTERNATIONAL, INC.
CASE NUMBER: TBD
<u>SERVICE LIST</u>

| James J. O'Donnell, Esq.<br>**LAW OFFICES OF O'DONNELL & SMITH**<br>1700 N. Broadway, Suite 360<br>Walnut Creek, CA 94596<br>Tel.: 925-935-1707 | *Attorneys for Plaintiff,*<br><br>**SUSAN BANKER** |
|---|---|