**EXHIBIT 2**

James J. O'Donnell, SBN 120940
Law Offices of
**O'DONNELL & SMITH**
1700 N. Broadway, Suite 360
Walnut Creek, CA 94596
Tel. (925) 935-1707

Attorneys for Plaintiff
SUSAN BANKER

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

08/01/2022
Clerk of the Court
BY: LAURA SIMMONS
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

### UNLIMITED JURISDICTION

| | |
|---|---|
| SUSAN BANKER, | Case No. CGC-22-601026 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| MARRIOTT INTERNATIONAL, INC., AND DOE ONE THROUGH DOE FIFTY, INCLUSIVE, | |
| Defendants. | |

**FIRST CAUSE OF ACTION**

**(Premises Liability)**

As a first, separate and distinct cause of action, Plaintiff SUSAN BANKER complains against Defendants MARRIOTT INTERNATIONAL, INC., and DOE ONE through DOE FIFTY, and for a first cause of action alleges:

1. Defendants DOE ONE through DOE FIFTY, inclusive, are sued herein under fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not now known to plaintiff, and plaintiff is informed and believes and upon such information and belief alleges that each of the said defendants is negligent or responsible in some

1

1 manner for the events herein alleged, and said defendants negligently acted or failed to act in one or
2 more of said occupations or businesses, which negligence proximately caused the injuries and
3 damages hereinafter set forth. Plaintiff is uncertain as to the manner or function of said defendants,
4 and plaintiff prays leave to amend this complaint to insert therein the true names, capacities,
5 functions, occupations and businesses of said defendants when the same are ascertained.

6   2.   Plaintiff is informed and believes and upon such information and belief alleges that,
7 at all times and places mentioned herein, defendants, and each of them, were the agents, servants,
8 and employees of the remaining defendants, and each of them, and each of them were at all times
9 and places mentioned herein acting within the purpose and scope of said agency, service and
10 employment.

11   3.   At all times mentioned herein, on information and belief, defendants MARRIOTT
12 INTERNATIONAL, INC., (hereinafter "MARRIOTT") and DOE ONE through DOE TWENTY,
13 inclusive, and each of them, were corporations or other business entities conducting business for
14 profit in the State of California and the County of SAN FRANCISCO. Said defendants were in
15 possession of, owned, leased, rented, operated, maintained, managed, and/or controlled certain
16 commercial premises including hotels and resorts marketed for use by California residents.

17   4.   At all times mentioned herein, Plaintiff SUSAN BANKER was a citizen of the State
18 of California and resident of Contra Costa County. Defendants marketed the use and rental of a
19 MARRIOTT property called St. Regis Hotels & Resorts located in Punta Mita, Mexico, (hereinafter
20 "St. Regis") owned, maintained and controlled by Defendants. Defendants marketed the St. Regis
21 property as a vacation hotel to Plaintiff and Plaintiff entered into an agreement with Defendants to
22 stay at the St. Regis in exchange for monetary consideration.

23   5.   At all times mentioned herein, defendants, and each of them, carelessly and
24 negligently owned, operated, maintained, managed and/or controlled said premises so that they were
25 in a dangerous, defective and unsafe condition. Defendants negligently failed to take steps to make
26 the premises safe and/or warn plaintiff SUSAN BANKER of the dangerous condition, although they
27 knew, or in the exercise of ordinary care should have known, of the unsafe condition.
28

1  6.  By reason of the aforementioned conduct on the part of defendants, and each of them, on or about April 11, 2022, plaintiff was severely injured when she slipped and fell in a ladies restroom located at the St. Regis property, sustaining the injuries and damages alleged herein.

7.  As a direct and proximate result of said carelessness, negligence, acts, omissions and conduct of the defendants, plaintiff SUSAN BANKER received certain and severe injuries, resulting in impairment of mental and bodily function, and she has suffered and will continue to suffer great physical and mental suffering, and she has been impaired in her mental and physical capacity, all of which will result in certain permanent disability to said plaintiff, all to her general and special damage in an amount in excess of the jurisdictional minimum of this Court.

8.  As a direct and proximate result of said negligence, acts, omissions and conduct of the defendants, and of said injuries caused to plaintiff SUSAN BANKER, plaintiff was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in an amount not now known to her, and plaintiff is informed and believes and upon such information and belief alleges that she will incur additional expenses in the future in an amount not now known to her, and plaintiff will ask leave of this Court to set forth the exact amount thereof when the same becomes known to her.

9.  As a further direct and proximate result of said negligence, acts, omissions and conduct of defendants and of said injuries to plaintiff, plaintiff SUSAN BANKER was prevented from attending her usual activities and occupation, and plaintiff is informed and believes and upon such information and belief alleges that she will be prevented from attending to her usual and anticipated activities and occupation in the future, all to plaintiff's damage in an amount not now known to her, and plaintiff will ask leave of Court to amend her pleadings to set forth the exact amount thereof when the same becomes known to her.

WHEREFORE, plaintiff prays for judgment against the aforementioned defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligence)

Plaintiff SUSAN BANKER complains of defendants MARRIOTT INTERNATIONAL, INC., AND DOE ONE THROUGH DOE FIFTY, INCLUSIVE, and each of them, and for a second cause of action alleges:

10. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 9 of his First Cause of Action as though fully set forth herein.

11. At all times mentioned herein, defendants MARRIOTT INTERNATIONAL, INC., AND DOE ONE THROUGH DOE FIFTY, INCLUSIVE were aware of, or reasonably should have been aware of, the dangers presented to patrons at Defendants' property owned and operated at the St. Regis in Punta Mita, Mexico. At all times mentioned herein, defendants failed to correct the situation or to provide any warnings to plaintiff SUSAN BANKER of the aforementioned dangers.

12. At all times mentioned herein, defendants were responsible for and involved in the planning, supervision, management, and control of the premises located at the St. Regis in Punta Mita including, but not limited to, the condition of the walkways for customers through the property, supervision of the maintenance and cleaning service, inspection and maintenance of the premises, instructions and procedures provided to the employees and/or agents concerning the manner in which the inspections were to be made and defects noted and corrected, coordination of the various inspection and correction procedures, preparation and use of the premises by patrons, and the preparation and implementation of a system for keeping the floors in good repair and safe for patrons.

13. At all times mentioned herein, defendants MARRIOTT INTERNATIONAL, INC., AND DOE ONE THROUGH DOE FIFTY, INCLUSIVE, and each of them, carelessly and negligently planned, supervised, managed, and controlled said St. Regis hotel and resort property in Punta Mita so as to create a dangerous and unsafe place for invitees such as plaintiff SUSAN BANKER. Defendants negligently failed to take steps to make the property's restrooms safe for usage. Defendants negligently failed to warn plaintiff SUSAN BANKER of the dangerous and

unsafe conditions at issue, although they knew, or in the exercise of ordinary care should have known, of the dangerous and unsafe conditions. Defendants negligently failed to protect or warn customers of the dangerous conditions on the restroom floor, failed to provide and implement a reasonable plan for inspecting and correcting defects in the floors, and failed to provide adequate instructions and guidelines for safe use of the premises, including the floors in the restrooms, within the existing conditions.

14. By reason of the aforementioned negligence by defendants, plaintiff SUSAN BANKER was severely injured when she slipped and fell in the area of the unsafe condition.

WHEREFORE, plaintiff SUSAN BANKER prays for judgment against the defendants MARRIOTT INTERNATIONAL, INC., and DOE ONE through DOE FIFTY, inclusive, and each of them, as follows:

1. For general damages;
2. For special damages according to proof;
3. For costs of suit herein;
4. For judgment interest pursuant to Civil Code Section 3291; and
5. For such other and further relief as the Court may deem proper.

Dated: July 29, 2022

O'DONNELL & SMITH

BY: _____
JAMES J. O'DONNELL, ESQ.
Attorneys for Plaintiff